Filed 4/2/26  P. v. Orellana CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ELMER ORELLANA,<br><br>    Defendant and Appellant. | D085252<br><br><br>(Super. Ct. No. SCN451848) |

APPEAL from a judgment of the Superior Court of San Diego County, Kelly C. Mok, Judge.  Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Elmer Orellana appeals the judgment sentencing him to prison for four years after a jury found him guilty of robbery.  His appointed counsel filed a brief in which he raised no claims of error and invited us to review the record independently for error.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

We have done so and found no error requiring reversal or modification of the judgment. We therefore affirm.

## BACKGROUND

In an incident captured by video surveillance, Orellana entered a store, picked out several items, and exited without paying for them. One of the items activated an alarm. A security guard followed Orellana into the parking lot and asked whether he had paid for the items. Orellana displayed a knife, warned the security guard not to get close or to touch him, and then fled. Orellana was arrested three weeks later.

The People charged Orellana with robbery (Pen. Code, § 211) and alleged that in the commission of the robbery he personally used a deadly or dangerous weapon (*id.*, § 12202, subd. (b)(1)). They also alleged he had a prior conviction that qualified as a serious felony (*id.*, § 667, subd. (a)(1)) and as a strike under the "Three Strikes" law (*id.*, §§ 667, subds. (b)–(i), 1170.12).

A jury found Orellana guilty of robbery and found true the allegation he personally used a deadly or dangerous weapon in committing the robbery. He waived his right to trial on the prior conviction allegations and admitted them.

At the sentencing hearing, the trial court denied Orellana's motion to dismiss the allegations concerning the prior strike conviction, but it struck the additional punishment for the prior serious felony conviction and weapon-use enhancement. The court imposed the low term of two years in prison for the robbery conviction (Pen. Code, § 213, subd. (a)(2)) and doubled the term to four years based on the prior strike conviction (*id.*, §§ 667, subd. (e)(1), 1170.12, subd. (c)(1)).

2

DISCUSSION

Orellana's appointed counsel filed a brief in which he summarized the proceedings, raised no claims of error, and asked us independently to review the record for error. (See *Wende, supra*, 25 Cal.3d at p. 441 [appellate court must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues"].) To assist our review, counsel noted the following issue "that might arguably support the appeal": "Was the testimony and evidence sufficient to support [Orellana's] count 1 conviction of robbery in violation of [Penal Code] section 211 and the jury's finding that [he] personally used a dangerous and deadly weapon in the commission of the robbery within the meaning of section[ ] 12022, subdivision (b)(1)?" (See *Anders v. California* (1967) 386 U.S. 738, 744 [counsel who determines an appeal has no merit must file a "brief referring to anything in the record that might arguably support the appeal"].)

Appointed counsel and this court advised Orellana that he could file a supplemental brief. (See *Anders, supra*, 386 U.S. at p. 744 [when counsel raises no claims of error, defendant must be given time "to raise any points that he chooses"]; *People v. Kelly* (2006) 40 Cal.4th 106, 120 [*Anders* and *Wende* "recognize the defendant's right in a *Wende* appeal to file supplemental contentions"].) He has not done so.

We have reviewed the entire record, as required by *Wende, supra*, 25 Cal.3d 436, considered the issue noted by counsel, and determined there are no grounds for reversal or modification of the judgment. We also have determined Orellana received competent representation on appeal.

## DISPOSITION

The judgment is affirmed.


RUBIN, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.